IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case No. 7:10cr00069-1 |
| v. | ) | |
| | ) | |
| TIMOTHY WESLEY BARBOUR, | ) | By: Elizabeth K. Dillon |
| Petitioner. | ) | United States District Judge |

**MEMORANDUM OPINION**

Timothy Wesley Barbour, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging the 2011 sentence imposed by this court.[1] Having reviewed the record, the court concludes that Barbour's motion is barred by the statute of limitations and Barbour has not demonstrated any ground for equitable tolling. Therefore, the court will dismiss the motion as untimely filed.

I.

In 2011, Barbour pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to attempting to possess with intent to distribute more than 500 grams of cocaine powder, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Consistent with his plea agreement, in which the parties agreed that a sentence of 100 months incarceration was appropriate, Barbour was sentenced to 100 months of imprisonment, to be followed by a 48-month term of supervised release. Barbour did not appeal. Barbour signed his § 2255 motion on October 2, 2019, and the court deems it filed on that date. (*See* Mot. 12, Dkt. No. 38.) In it, he asserts that his motion is timely filed under 28 U.S.C. § 2255(f)(2) because he filed it within one year of the removal of a government-created impediment. Specifically, he claims that he was in state custody from the time his judgment was entered until November 2, 2018, and he had no access to a law library

---

[1] The sentencing judge was Senior United States District Judge James C. Turk, who is now deceased.

during that time. He claims that, after he was transferred to federal custody on November 2, 2018, he was able to learn of the legal grounds for his motion, but, before that, he had been prevented from doing so. (*Id.* at 10–11; *see also* Dkt. No. 41 (Barbour's additional response concerning the timeliness of his motion).)

II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires). As noted, judgment was entered on August 26, 2011, and Barbour had until September 9, 2011, to appeal. His conviction thus became final on September 9, 2011, when his time to file an appeal expired, and he had until September 10, 2012, to file a timely § 2255 motion.[2] However, Barbour did not file his § 2255 motion until almost seven years after the statute of limitations expired. Therefore, Barbour's § 2255 motion is untimely under § 2255(f)(1).

---

[2] September 9, 2012, was a Sunday; Barbour had until the following Monday to file his § 2255 motion. *See* Fed. R. Civ. P. 6(a)(1)(C).

Barbour contends, though, that his motion should be deemed timely under § 2255(f)(2), which allows filing within one year of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." As noted, Barbour contends that the lack of federal materials from the prison libraries at the place(s) where he served his state sentence constituted an "impediment" within the meaning of that subsection.

This precise argument has been rejected by other district courts within the Fourth Circuit and by this court. The rationale set forth by the court in *Laposay v. United States*, No. 1:12-CR-146, 2016 WL 2946175 (E.D. Va. May 19, 2016), is apt here:

> To toll the statute of limitations, the complained of "impediment" must be "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(f)(2). The Court thus must determine whether the circumstances of [the movant's] incarceration was in violation of the Constitution. Courts have concluded that incarceration at multiple jails with no law library or library clerk is not "violative of [a § 2255 petitioner's] constitutional rights in any way." *United States v. Wampler*, 2008 WL 565108 (W.D. Va. Feb. 29, 2008) (citing *Lewis v. Casey,* 518 U.S. 343 (1996) (finding that constitution does not require certain type of legal assistance or legal access for inmates and that to prove constitutional violation, inmate must show lack of access significantly hampered his ability to litigate viable legal claim)). The facts in *Wampler* are very similar to this case. The petitioner, Wampler, who had filed his § 2255 motion more than two years after his conviction became final, argued that the decision to house him in "jails without law libraries or law clerks for fourteen months after his conviction was an 'impediment'" under § 2255(f)(2). *Id.* at *2. Like [the movant], Wampler argued that "this impediment was removed upon his transfer to a federal prison facility." *Id.* Finding that the lack of access to a law library or law clerk did not violate Wampler's constitutional rights, the court declined to toll the statute of limitations and found Wampler's § 2255 motion untimely.

*Laposay*, 2016 WL 2946175, at *2. Here, as in *Laposay* and *Wampler*, Barbour has not alleged,

3

let alone provided any information, to show that he attempted to obtain access to federal legal materials or seek legal assistance during the years he spent in state custody. This court does not find a government-created impediment that prevented Barbour from learning about his possible claims.

Nor does equitable tolling apply here. A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 755 F.3d 180, 184 (4th Cir. 2014) (*en banc*) (citations omitted). A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). The petitioner "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Barbour argues that the court should toll the statute of limitations because he did not have access to adequate federal legal resources while he was in state custody. However, Barbour's circumstances are not so extraordinary to warrant equitable tolling. As the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). In *Sosa*, the court rejected the petitioner's request for equitable tolling, noting that his "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control." *Id.*; *see also Laposay*, 2016 WL 2946175, at *2 (denying equitable tolling where the prisoner raised the same argument as Barbour). Barbour's ignorance about the law,

therefore, even if the result of limited access to legal materials, does not entitle him to equitable tolling.

Moreover, again, Barbour has not shown that he has been diligently pursuing his rights since his conviction became final in 2011. Accordingly, the court concludes that Barbour has not demonstrated any ground for equitable tolling of the statute of limitations, and the court will dismiss Barbour's § 2255 motion as untimely filed.[3]

The court advises Barbour, however, that he may be able to seek the relief he requests in his third claim (the running of his state and federal sentences concurrently) through an alternate route, although the court's advisory is not intended to offer any opinion on the likely success of the alternate route. As noted *supra* note 3, this claim is based on *Setser v. United States*, 566 U.S. 231 (2012), which held that a federal sentencing court has discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed. *See also* U.S.S.G. § 5G1.3(c) (amended after *Setser* to note that where "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . ., the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment"). Barbour claims that his subsequently imposed state sentence was relevant conduct to his federal offense and that, under *Setser* and the amended guideline, his federal and state sentences should run concurrently.

Federal prisoners with similar claims have sought relief by asking for a *nunc pro tunc* designation from the Bureau of Prisons ("BOP") and then, after exhausting the BOP's

---

[3] In light of its conclusion that Barbour's motion is untimely, the court need not address the merits of his claims, which are: (1) ineffective assistance of counsel based on counsel's failure to continue the federal sentencing hearing until pending, related state charges had been prosecuted so that the federal court would be able to run the federal sentences concurrent; (2) ineffective assistance of counsel for failing to request that the federal sentence by served concurrently with the yet-to-be-imposed state sentence; and (3) a claim that he was improperly sentenced and should be resentenced, relying on *Setser v. United States*, 566 U.S. 231 (2012) and amendments to United States Sentencing Guideline ("U.S.S.G.") § 5G1.3.

administrative remedies, requesting the same relief through 28 U.S.C. § 2241 from the proper federal district court. *See, e.g.*, *Mangum v. Hallembaek*, 824 F.3d 98, 100–01 (4th Cir. 2016) (addressing § 2241 petition filed after prisoner asked for a *nunc pro tunc* designation of a state facility for service of his federal sentence from the BOP, who in turn sought the sentencing court's input pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)); *Hardin v. United States*, No. 7:12-cv-01818-GRA, 2012 WL 3945314, at *2 (D.S.C. Sept. 10, 2012) (noting that a federal prisoner seeking to have his federal sentence run concurrent with a state sentence may first request a *nunc pro tunc* designation from the BOP, pursuant to 18 U.S.C. § 3621(b), asking the BOP to designate a state prison facility for service of the federal prisoner's confinement and, if unsuccessful, request relief through a habeas petition pursuant to 28 U.S.C. § 2241).

An appropriate order will be entered.

Entered: April 30, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge