IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | Criminal No. 7:10-cr-00069 |
| v.   ) | |
| ) | By: Elizabeth K. Dillon |
| TIMOTHY WESLEY BARBOUR   ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On June 16, 2020, defendant Timothy Wesley Barbour, proceeding *pro se*, filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Mot. Dkt. No. 48.) In accordance with local Standing Order 2019-1, the court appointed the Federal Public Defender (FPD) and ordered the FPD to file a supplement to Barbour's motion. (Dkt. Nos. 49, 50.) The FPD filed a response to the court's order informing the court that the FPD would not be filing any additional pleadings in support of Barbour's motion.[1] (Dkt. No. 52.) The motion is fully briefed, and the court finds that a hearing on the motion is not necessary. For the reasons stated below, the court will deny Barbour's motion.

I. BACKGROUND

In November 2010, a grand jury charged Barbour with possession with intent to distribute more than 500 grams of a cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Barbour pled guilty to the charge, with an agreed sentence of 100 months. (Dkt. Nos. 29, 31.) The court accepted Barbour's guilty plea and sentenced him to 100 months in the custody of the

---

[1] Barbour later filed a reply to the government's brief, in which he describes the conditions at his prison and restates arguments regarding why his criminal history was overstated at sentencing. (Dkt. No. 57.) Nothing in Barbour's reply brief changes the court's analysis with regard to his motion for compassionate release.

Bureau of Prisons (BOP) and four years of supervised release. (Dkt. No. 35.) Barbour estimates that he will be eligible for release to a halfway house on January 14, 2024.[2]

Barbour filed his *pro se* motion for release based on the recent spread of COVID-19. He notes that he is thirty-nine, has been a heavy smoker since he was thirteen years old, and "has a BMI of 40+." Barbour reports a family history of diabetes, heart disease, hypertension, and immune system deficiencies. Additionally, Barbour states that he is housed at FCI Elkton, where several inmates have died from COVID-19 and more have tested positive.

In his motion, Barbour asserts that he has completed several educational, vocational, and rehabilitative courses. He also provides a release plan, pursuant to which he would live with his mother while working with his sister and engaging in public service.

## II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

---

[2] In its response, the FPD notes that Barbour's projected federal release date is January 17, 2026. (Dkt. No. 52; Dkt. No. 52-1.)

In addition to satisfying the above, the reduction must be "consistent with applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons. U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. Specifically, a petitioner must satisfy one of two conditions: (i) "exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) thirty days must have elapsed "from the receipt of such request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). This court has previously acknowledged that the exhaustion requirement is not satisfied where the defendant's warden denies the defendant's request for compassionate release within thirty days of the request, and the defendant does not pursue any further appeal within the BOP. *See United States v. Thomas*, No. 5:13-cr-19, 2020 WL 3895781, at *2 (W.D. Va. July 10, 2020) ("If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.").

In his motion, Barbour states that he submitted an electronic request for release to the warden of his facility on April 24, 2020. Attachment C to his motion is a copy of a correspondence to the warden dated May 13, 2020, in which he also asks for compassionate release due to his medical conditions and the COVID-19 pandemic. As of June 18, 2020, Barbour represented that he had not received a response from the warden. (Dkt. No. 52, at 2.) The government notes that the warden denied Barbour's request on May 22, 2020. (Dkt. No. 53, at 2.) Therefore, it is unclear when Barbour submitted his request or whether the warden responded to his request within thirty days.

The court has previously found, however, that § 3582's exhaustion requirement is not a jurisdictional bar, but it is a claims-processing rule that may be waived. *United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 n.1 (W.D. Va. May 19, 2020) (citing *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017)). In its response, the government does not argue that Barbour failed to exhaust his administrative remedies. Accordingly, the court finds that the government has waived the exhaustion requirement. *Id.* at *1.

## C. Extraordinary and Compelling Reasons

Barbour has failed to establish that extraordinary and compelling reasons warrant his release. As noted above, Barbour bases his motion on the risk of COVID-19 outbreaks in jails. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020). However, Barbour has failed to meet his burden to show that he has a particularized susceptibility to COVID-19.

Barbour alleges that he suffers obesity with a body mass index (BMI) of over 40 and has smoked since the age of thirteen.[3] However, neither Barbour nor the FPD has supported Barbour's allegations with medical records from the BOP. In fact, both the FPD and the government agree that Barbour's BOP health records do not show any chronic illnesses. As stated above, it is Barbour's burden to prove that compassionate release is warranted, and he has failed to do so.

---

[3] Barbour further highlights a family medical history of illnesses that the Centers for Disease Control consider underlying medical conditions increasing the risk of severe illness related to COVID-19. However, his family medical history does not suggest that Barbour himself is at higher risk.

**D. Sentencing Factors of § 3553(a)**

Regardless, the court agrees with the government that the § 3553(a) sentencing factors weigh against a sentencing reduction in Barbour's case. Barbour asserts that he "had impeccable conduct prior to conviction of his instant offense," and has a low risk of recidivism. However, his Presentence Investigation Report (PSR) indicates that he has been convicted five times on drug-related charges, including possession with intent to distribute marijuana and methamphetamine. (PSR 6–8, Dkt. No. 37.) And despite his statements to the contrary, Barbour's inmate records indicate that as recently as November 5, 2019, he was considered at high risk of recidivism. (Dkt. No. 53-2.) Within the last year, the prison also sanctioned Barbour for drinking alcohol. (Dkt. No. 52-2.)

Given the nature and circumstances of Barbour's offense and Barbour's criminal history, high risk of recidivism, continued substance abuse, and failure to follow the rules governing his incarceration, the court finds that his current sentence is sufficient but not greater than necessary to promote respect for the law, provide punishment for the his offense, protect the public from further crimes, and provide Barbour with needed treatment and rehabilitation. Furthermore, in accepting Barbour's plea agreement, the court varied downward from the United States Sentencing Guidelines advisory range. Thus, leaving Barbour's sentence intact best avoids unwarranted sentence disparities among defendants with similar records who were found guilty of similar conduct.

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Barbour's motion for compassionate release (Dkt. No. 48) is DENIED. The clerk is directed to provide a copy of this

order to the defendant, all counsel of record, and the United States Probation Office.

      Entered: July 22, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge