IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:10-cr-00069 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| TIMOTHY WESLEY BARBOUR | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On November 23, 2020, defendant Timothy Wesley Barbour, proceeding pro se, filed a

motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States

Sentencing Guideline Amendment 782 (providing a two-level reduction in base offense levels in

the Drug Quantity Table of § 2D1.1 for drug trafficking offenses).  (Dkt. No. 59.)  Pursuant to

court order, Barbour's counsel supplemented his motion.  (Dkt. No. 62.)  The motion is fully

briefed, and the court finds that a hearing on the motion is not necessary.  For the reasons stated

below, the court will deny Barbour's motion.

I.  BACKGROUND

On May 31, 2011, Barbour pled guilty to one count of attempt to possess with intent to

distribute more than 500 grams of a cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

(Dkt. Nos. 30, 31.)  Barbour pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement with an

agreed upon sentence of 100 months, a stipulated drug weight of more than 500 grams but less

than 2,000 grams of cocaine powder, and a base offense level of 26 in accordance with the

applicable United States Sentencing Guidelines (U.S.S.G.) § 2D1.1.  (*Id.*)  The agreement also

provided that Barbour may be treated as a "career offender" under U.S.S.G. § 4B1.1 if the court

determined that he had two prior convictions for felony drug offenses or crimes of violence.

(*Id.*)

The court accepted Barbour's guilty plea and sentenced him to 100 months with 48 months of supervised release.  (Dkt. No. 47 at 6.)  At sentencing, the court determined that Barbour's base offense level was 26 and granted him three points for acceptance of responsibility, for a subtotal offense level of 23.  (Dkt. No. 47 at 5.)  Barbour, however, was a career offender as he had two prior felony drug offenses, one from 2007 for possession with intent to distribute marijuana and another from 2009 for possession with intent to distribute marijuana, methamphetamine, and psilocyn while in possession of a firearm.  (Presentence Investigation Report (PSR) at 7, Dkt. No. 37.)  By virtue of the career offender guidelines, Barbour's total offense level was 31 (with a three-level reduction for acceptance of responsibility) with a criminal history category of VI (instead of V).  (*Id.*)  Given Barbour's total offense level of 31 and criminal history category of VI, the court determined that his guidelines sentencing range was 188 months to 235 months imprisonment.  (*Id.*)  Nevertheless, the court imposed a sentence of 100 months pursuant to the Rule 11(c)(1)(C) plea agreement.  (*Id.* at 6.) Barbour's projected release date is January 17, 2026.  (Dkt. No. 62 at 6.)

Barbour brings his motion pursuant to § 18 U.S.C. 3582(c)(2) and bases his request for a reduction of sentence on Amendment 782, commonly referred to as the "drugs minus two reduction."  (Dkt. No. 62 at 3.)  He argues that pursuant to Amendment 782, which revised the drug quantity table, his base offense level should be 24 rather than 26.  (*Id.*)  Barbour also argues that he should not have been considered a career offender because he was convicted of an attempt crime, which does not qualify as controlled substance offense under the guidelines, according to some case law.  (*Id.* at 3–4.)  If Barbour were not classified as a career offender, his criminal history category would have been V.  (*Id.* at 5.)  Barbour states that with a base offense level of 24, the same three level reduction he received for acceptance of responsibility, and a

criminal history category of V, his guidelines sentence would have been 70 to 87 months.  (*Id.*) Barbour argues that even though he pled guilty pursuant to Rule 11(c)(1)(C), he is still eligible for a sentence reduction because his plea agreement was based upon the guidelines range that applied at that time.  (*Id.*)  For these reasons, Barbour asks the court to reduce his sentence "to a total term of imprisonment of 70 months—the low end of his properly calculated Guidelines range and 30 months less than his imposed sentence."  (*Id.* at 6.)

## II.  ANALYSIS

### A.  Reduction of Sentence Pursuant to Section 3582(c)(2)

United States Code Title 18, Section 3582(c) provides, in pertinent part, that a court may not modify a term of imprisonment once it has been imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  In these instances, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

The Sentencing Commission lowered the sentencing range for various offenses when it issued retroactive Amendment 782.  U.S.S.G. § 1B1.10(d) (indicating retroactivity). Amendment 782 lowered the base offense level for certain drug offenses pursuant to U.S.S.G. § 2D1.1.  *United States v. Smith*, No. CR 3:13-1017-JFA, 2018 WL 8950504, at *1 (D.S.C. Sept. 4, 2018), *aff'd*, 746 F. App'x 211 (4th Cir. 2018).

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this [U.S.S.G.] policy statement is warranted, the court shall determine the amended guidelines range that would have been applicable to the

defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant

was sentenced."  U.S.S.G. § 1B1.10(b)(1).

**B.  Career Offender Status**

>Pursuant to U.S.S.G. § 4B1.1:
>
>A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "controlled substance offense" is "an offense under federal or state law, punishable by

imprisonment for a term exceeding one year, that prohibits the manufacture, import, export,

distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession

of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export,

distribute, or dispense."  U.S.S.G. § 4B1.2(b).  According to the application note, "[f]or the

purposes of this guideline— . . . 'controlled substance offense' include[s] the offense of aiding

and abetting, conspiring, and attempting to commit such offenses."  U.S.S.G. § 4B1.2, comment.

(n.1).

There is a circuit split on the question of whether an "attempt" crime fits within the

U.S.S.G. definition of a "controlled substance offense."  *United States v. Carter*, No. 2:19-CR-

00078, 2020 WL 907884, at *2 (S.D.W. Va. Feb. 25, 2020).  "The Sixth Circuit and the D.C.

Circuit have recently found that the Guidelines' definition of 'controlled substance offense' does

not include 'attempt' crimes."  *Id.* (citing *United States v. Havis*, 927 F.3d 382, 387 (6th Cir.

2019); *United States v. Winstead*, 890 F.3d 1082, 1089 (D.C. Cir. 2018)).  These courts reason

that the detailed definition of a "controlled substance offense" in § 4B1.2(b) clearly excludes

attempt offenses, unlike the definition of a "crime of violence" in § 4B1.2(a) which expressly

4

includes attempt offenses. *Winstead*, 890 F.3d at 1091. The D.C. Circuit reasons that the "[c]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with, or a plainly erroneous reading of, that guideline," as it is here. *Id.* at 1090 (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)). Where there is inconsistency, "the Sentencing Reform Act itself commands compliance with the guideline." *Id.* at 1090–91 (quoting *Stinson* 508 U.S. at 43 (citing 18 U.S.C. § 3553(a)(4))). "If the Commission wishes to expand the definition of 'controlled substance offenses' to include attempts, it may seek to amend the language of the guidelines by submitting the change for congressional review." *Id.* at 1092 (citing *Stinson* 508 U.S. at 43).

"Several other circuits have found the opposite, deferring to the Guidelines' commentary." *Id.* (citing *United States v. Crum*, 934 F.3d 963, 967–968 (9th Cir. 2019) (finding that the Court is not free to depart from the holding in prior cases that the term "controlled substance offense" as defined in § 4B1.2(b) encompasses attempt offenses); *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995) (holding that "controlled substance offense" encompasses "attempt" offenses); *United States v. Piper*, 35 F.3d 611, 617 (1st Cir. 1994) (holding same); *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994) (holding same)). These courts reason that 28 U.S.C. § 994(a)(2) "provides that the Commission shall promulgate general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation . . . ." *Smith*, 54 F.3d at 693. Therefore, the Commission acted within its authority in expanding the definition of a controlled substance offense through the application note. *Id.* Moreover, these courts conclude that the application note is not an inconsistent or plainly erroneous reading of the guideline, and thus, the application note is binding. *Id.*

5

The Fourth Circuit, in *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017), left open the question of whether an attempt offense is a "controlled substance offense."  Multiple district courts in this circuit have concluded that an attempt offense is *not* a controlled substance offense for the purposes of career offender status.  *United States v. Carter*, No. 2:19-CR-00078, 2020 WL 907884, at *2 (S.D.W. Va. Feb. 25, 2020); *United States v. Faison*, No. GJH-19-27, 2020 WL 815699, at *9 (D. Md. Feb. 18, 2020); *United States v. Bond*, 418 F. Supp. 3d 121, 123 (S.D.W. Va. 2019).  This court, however, will not reach this question today.

Even if the court were to be persuaded that an attempt offense is not a controlled substance offense and Barbour should not have been classified as a career offender, the court lacks jurisdiction under § 3583(c)(2) to reduce his sentence.  A court may grant a § 3583(c)(2) motion for a reduction of sentence only if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered by the Sentencing Commission*."  18 U.S.C. § 3583(c)(2) (emphasis added).  Here, Barbour was sentenced pursuant to U.S.S.G. § 4B1.1(b), not U.S.S.G. § 2D1.1.  Although the Sentencing Commission subsequently lowered the sentencing range under § 2D1.1, it has not lowered the sentencing range under § 4B1.1(b).  *See United States v. Currence*, 849 F. App'x 423, 423–24 (4th Cir. 2021) (no error found where district court rejected argument that prior convictions were no longer controlled substance offenses and noting that the career offender status dictated the offense level).  Moreover, under the current sentencing guidelines and statutes, a two-level reduction in Barbour's base offense level under § 2D1.1 would not change the career offender offense level.  The career offense level remains the same.  Therefore, the court may not reconsider Barbour's classification as a career offender and may not reduce his sentence.

III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Barbour's motion for reduction of sentence (Dkt. No. 59, as supplemented by Dkt. No. 62) is DENIED.  The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: October 27, 2021.


/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge